## Oliver Owens v. State of Mississippi.

### [54 South. 307.]

#### MOTION FOR CONTINUANCE.

Supreme Court Practice. *Dilatory motions, when should be made. Good cause.*

All dilatory motions should be made in the supreme court not later than the first call of the case in that court; if made afterwards good cause must be shown for further delay.

From the circuit court of, second district, Chickasaw county. Hon. John H. Mitchell, Judge.

Owens, appellant, was indicted, tried, and convicted of crime, and appealed to the supreme court. The facts touching the motion for a continuance are stated in the opinion of the court.

*George T. Mitchell* and *Flowers, Fletcher & Whitfield,* for motion.

*James R. McDowell,* assistant attorney-general, *contra.*

Mayes, C. J., delivered the opinion of the court.

The record in this cause was filed in this court in November, 1910, and the case was triable at the December call of the criminal docket. On the call in December a motion was made for a *certiorari* and overruled by the court, resulting in a continuance of the case until the January call. On January 30, 1911, a motion was made for a further continuance of the cause. No sufficient reason is stated in the motion why the court should continue the case, and the criminal docket has been called twice since the record was filed and the case became triable in this court. Neither dilatory pleas nor dilatory motions are favored by the courts, since they go not to the

substance of the cause but tend only to obstruct the trial. When it is possible all dilatory motions should be made at the first call of the case. If dilatory motions are made after that time, good cause must be shown for further delay. It is the policy of the law of this state to dispose of criminal cases speedily, and all dilatory motions, whether in civil or criminal cases, should be made on the first call of the docket.

This motion is overruled and the case stands submitted, and the clerk directed to send the record to the consultation room.

*Overruled.*